IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DERRICK S. WALKER,**

    **Plaintiff,**

    v.                                                                                    CASE NO. 24-3087-JWL

**D. HUDSON, Warden,**
**et al.,**

    **Defendants.**

### MEMORANDUM AND ORDER

    Plaintiff, a federal prisoner, brings this pro se civil rights action. Plaintiff is incarcerated at Pekin-FCI in Pekin, Illinois. Plaintiff's claims are based on incidents occurring during his incarceration at FCI-Leavenworth in Leavenworth, Kansas ("FCIL"). The Court granted Plaintiff leave to proceed in forma pauperis. On June 14, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's response (Doc. 9).

    Plaintiff alleges that on December 15, 2022, there was a major sewage backup in A range of the FCIL Special Housing Unit ("SHU"). (Doc. 1, at 6.) The backup caused raw sewage to come into Plaintiff's cell, rising to one and a half inches in height. *Id*. Plaintiff alleges that his requests to have someone clean it or to supply him with cleaning chemicals were ignored for 48 hours. *Id*. Plaintiff was told that they only receive sanitary chemicals once every 21 days. *Id*. Plaintiff was told to use his clothing to block the bottom of the door in an attempt to hold the raw sewage back. *Id*. Plaintiff had to live with the raw sewage in his cell for two days. *Id*. at 7. Plaintiff alleges that he was subjected to conditions of confinement that violated his Eighth

1

Amendment right to be free from cruel and unusual punishment. *Id*. He alleges that the conditions put him at risk of contracting a disease. *Id*. at 8. Plaintiff names as defendants D. Hudson, the former FCIL Warden, and several correctional officers and lieutenants who worked in the SHU at FCIL. Plaintiff seeks $1,000,000 in compensatory and punitive damages. *Id*.

Plaintiff does not mark on his Complaint to indicate whether he is bringing this action under 42 U.S.C. § 1983 or *Bivens*, and instead marks "unknown." "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A defendant acts "under color of state law" when he "exercise[s] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Id*. at 49 (citations omitted). The Court found in the MOSC that Plaintiff names FCIL staff as defendants, and provides no factual claim or support for a claim that any defendant acted under color of state law.

The Court also found in the MOSC that Plaintiff has not shown that a *Bivens* remedy is available for his claims. The Court found that Plaintiff's Complaint fails to state a claim for relief under *Bivens* based on the reasoning set forth in the recent Tenth Circuit opinion in *Noe v. United States Gov't.*, 2023 WL 8868491, at *2 (10th Cir. Dec. 22, 2023).

In his response, Plaintiff continues to argue the merits of his Eighth Amendment claim. (Doc. 9, at 3–15, 20.) Plaintiff also argues that "inmates incarcerated in federal correctional institutions can bring Bivens actions against officials for violations of Fourth, Fifth, and Eighth Amendment rights." *Id*. at 4. Plaintiff claims that the BOP's Administrative Remedy Program

("ARP")—which he followed—does not offer an adequate alternative remedy. *Id*. at 17–19. He also claims that the factual context of his claim is like that in *Carlson v. Green*. *Id*. at 18.

This Court is bound by Tenth Circuit precedent. The Tenth Circuit recently noted that the Supreme Court "is on course to treating *Bivens* as a relic of the 20th century" and that "[t]his development has been gradual, but relentless." *Logsdon v. U.S. Marshal Serv.*, 91 F.4th 1352, 1355 (10th Cir. 2024), *rehr'g denied* (Apr. 5, 2024). The Tenth Circuit in *Logsdon* found that:

> Without explicitly overruling its three acknowledged precedents, the [Supreme] Court has shown an increasing willingness to distinguish them, now stating that the ultimate question to ask when determining whether the courts should recognize a *Bivens* cause of action not created by Congress is ordinarily only "whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert v. Boule*, 596 U.S. 482, 492, 142 S. Ct. 1793, 213 L.Ed.2d 54 (2022). And the circumstances in which the answer to the question is "no" appears to comprise a null set. *See id.* at 503, 142 S. Ct. 1793. (Gorsuch, J., concurring) ("When might a court *ever* be 'better equipped' than the people's elected representatives to weigh the 'costs and benefits' of creating a cause of action? It seems to me that to ask the question is to answer it. To create a new cause of action is to assign new private rights and liabilities—a power that is in every meaningful sense an act of legislation."); *see also Silva v. United States*, 45 F.4th 1134, 1140 (10th Cir. 2022) ("[W]e are left in no doubt that expanding *Bivens* is not just 'a disfavored judicial activity,' it is an action that is impermissible in virtually all circumstances." (quoting *Egbert*, 596 U.S. at 491, 142 S. Ct. 1793) (citation omitted)). The Court has said in effect that almost any difference between the case at hand and the three Court precedents can justify rejecting a cause of action. *See Egbert,* 596 U.S. at 503, 142 S. Ct. 1793 (Gorsuch, J., concurring) ("Candidly, I struggle to see how this set of facts differs meaningfully from those in *Bivens* itself.").
>
> And, perhaps even more striking, the Court has justified a departure from those precedents even when the facts are virtually the same if the government can provide a reason for not recognizing a cause of action that was not considered in the applicable precedent. Thus, in *Egbert* itself the Court considered an excessive-force claim, similar to the one in *Bivens*, against a federal officer. *See Egbert*, 596 U.S. at 495, 142 S. Ct. 1793 ("*Bivens* and this case do involve similar allegations of excessive

3

> force and thus arguably present almost parallel circumstances or a similar mechanism of injury." (internal quotation marks omitted)). But it held that the court of appeals erred by recognizing a cause of action under *Bivens*, distinguishing *Bivens* based on facts that have no bearing on the elements of an excessive-force claim: the incident arose in the "border-security context," and Congress had created remedies for misconduct by government agents. *See id.* at 494, 142 S. Ct. 1793. Given such hurdles placed in the way of a *Bivens* cause of action, Mr. Logsdon has no claim.

*Id*. at 1355–56.

The Tenth Circuit in *Logsdon* found that "[a] second independent ground for not recognizing a *Bivens* action . . . is that the availability of alternative remedies for misconduct . . . suggests that this court should not be the institution to create a remedy."  *Id*. at 1359.  "If there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action."  *Id*. (quoting *Egbert*, 596 U.S. at 493).  The Tenth Circuit quoted *Egbert* as follows:

> "So long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration by superimposing a *Bivens* remedy. That is true even if a court independently concludes that the Government's procedures are not as effective as an individual damages remedy." *Id.* at 498, 142 S. Ct. 1793 (internal quotation marks omitted).

*Id*.

In *Silva*, the Tenth Circuit held that the Bureau of Prison's Administrative Remedy Program "ARP" was adequate.  *Silva v. United States*, 45 F.4th 1134, 1141 (10th Cir. 2022) (finding that the key takeaway from *Egbert* is "that courts may dispose of *Bivens* claims for 'two *independent* reasons: Congress is better positioned to create remedies in the [context considered by the court], and the Government already has provided alternative remedies that protect plaintiffs' ") (citation omitted); *see also Noe v. United States Gov't*, 2023 WL 8868491, at *3

(10th Cir. Dec. 22, 2023) ("We need not decide whether Noe's case is meaningfully different from *Carlson*, because in the wake of *Egbert* and *Silva* . . . the availability of the ARP is sufficient to foreclose a *Bivens* claim despite any factual similarity between the two.").

In *Silva*, the Tenth Circuit had little difficulty in concluding "that the BOP Administrative Remedy Program is an adequate 'means through which allegedly unconstitutional actions . . . can be brought to the attention of the BOP and prevented from recurring.'" *Silva*, 45 F.4th at 1141 (citation omitted). The *Silva* court found that "because *Bivens* 'is concerned solely with deterring the unconstitutional acts of individual officers,' . . . the availability of the BOP's Administrative Remedy Program offers an independently sufficient ground to foreclose Plaintiff's *Bivens* claim." *Id.* (citing *Egbert*, 142 S. Ct. at 1806 (quoting *Malesko*, 534 U.S. at 71, 122 S. Ct. 515)).

Plaintiff has failed to show good cause why this matter should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

Dated September 18, 2024, in Kansas City, Kansas.

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
